Davis *vs.* Moorefield *et al.*

---

WILLIAM DAVIS, plaintiff in error, *vs.* THOMAS MOORE-FIELD *et al.*, defendants in error.

D. sold and delivered a piano-forte to F., a married woman, and took her note for the price thereof, and afterwards filed his bill on the equity side of the Court for a re-delivery of the piano to him, or payment of its value, on the ground that the note given therefor was void: *Held*, that a general demurrer to the bill for want of equity was properly sustained by the Court below.

Equity. Demurrer. Decided by Judge JOHNSON. Chattahoochee Superior Court. September Term, 1869.

Davis, by his bill, averred that on the 12th of May, 1864, he owned a piano worth $700 00, and sold it to Mrs. F. A. Fisher for $1,500 00, and took her individual note for it. Her husband was in the army, but she usually acted as his agent, and he supposed her husband would be bound by law by her promise. The husband died, and she became his administratrix, and had this piano appraised as part of his estate. Afterwards she married Moorefield, and McNeil was made administrator *de bonis non* of Fisher, and advertised said piano for sale. Moorefield and his wife claimed it, but their claim was dismissed for some informality. Mrs. Moorefield has the piano, will not pay the note, nor give it up to Davis, nor arbitrate the matter, and McNeil will not undertake to sell it under the circumstances, and therefore Davis can not claim it. He says that the note is void, first, because he gave credit to a married woman, and because both being ignorant of the revenue laws, said note was never stamped, and therefore he says the title of the piano is still in him. He prayed that he should recover the piano, or have other relief. The bill was dismissed upon the ground that Davis had a plain and adequate common law remedy. That is assigned as error.

E. G. RAIFORD, for plaintiff in error, cited Irwin's Code, secs. 3040, 3041, 3067, 3070; 14th Ga. R., 323; 36th Ga. R., 332; 37th Ga. R., 1.

JOHN PEABODY, D. H. BURTS, for defendants, cited Irwin's Code, secs. 2688, 1747, 1749, 2169.

WARNER, J.

From the facts of this case, as disclosed by the record, we think the complainant had an ample and adequate remedy at law, and that the demurrer to the bill, for want of equity, was properly sustained.

Let the judgment of the Court below be affirmed.